IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA CASAUS,

    Petitioner,

    v.                          No. CV 13-0820 KG/SMV

ARLEEN HICKSON, WARDEN,

    Respondent.

MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. §§ 1441(c), 1447(c), on Petitioner's removed Petition For Writ of Habeas Corpus. Petitioner filed her petition in state court, and Respondent removed it to this Court.[1] Respondent paid the $400.00 filing fee for removing a civil action. For reasons set out below, the Court will remand the petition to the state court.

The petition alleges, *inter alia*, that prison officials forfeited certain of Petitioner's good time credits in disciplinary proceedings. Petitioner unsuccessfully appealed the disciplinary conviction and then filed the instant habeas corpus petition in state court. For relief, she seeks an order reversing the disciplinary conviction--clearly, if implicitly, seeking restoration of her good time credits.

In support of removal, Respondent asserts that "the content [of the petition] suggests that the intent is actually to raise claims under 42 U.S.C. § 1983." She also notes that the petition names the prison warden rather than "the final decision maker relative to the disciplinary

---

[1] In her Notice of Removal (Doc. 1) and Motion to Dismiss (Doc. 4), Respondent refers to Petitioner's original petition as a "Complaint"; she refers to Petitioner as "Plaintiff" and to herself as "Defendant."

decision." *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (ruling that warden is proper respondent in habeas corpus proceeding). Respondent asserts in her notice that removal is proper because Petitioner "makes allegations that her confinement is unconstitutional," and thus the Court has "jurisdiction . . . pursuant to 28 U.S.C. § 1331." Respondent's motion to dismiss invokes rule 4(m) of the Federal Rules of Civil Procedure in support of her assertion that the petition should be dismissed for failure to timely serve Respondent or the District Attorney. Respondent also contends that the petition fails to state a claim for relief against her.

Because Petitioner seeks reversal of the decision that forfeited a number of her good time credits, her pleading constitutes a habeas corpus petition. *See Love v. Daniels*, No. 13-1219, 2013 WL 6487352, at *2 (10th Cir. Dec 11, 2013) (ruling on a claim of forfeited good time in a § 2241 proceeding). "[W]here an inmate seeks injunctive relief challenging . . . the duration of his sentence[,] [s]uch claims fall within the 'core' of habeas corpus." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "There is, of course, no basis in law for the removal of proceedings for habeas corpus from the [state court] to the United States District Court." *United States ex rel. Hamilton v. Maroney*, 355 F.2d 441, 442 (3d Cir. 1966). "Nor are there any other federal provisions authorizing removal of petitions for writs of habeas corpus commenced in state courts." *United States ex rel. Thomas v. Rundle*, 280 F. Supp. 469, 470 (E.D. Pa. 1968). And, of course, exhaustion of state court remedies is a prerequisite to obtaining relief in a habeas corpus proceeding under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Walker v. Stanley*, 216 F. App'x 803, 804 (10th Cir. 2007).

Furthermore, even though the petition also raises civil rights claims, in a habeas corpus proceeding "the States should have the first opportunity to address and correct alleged violations

of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Petitioner's habeas corpus petition, including otherwise removable civil rights claims, *cf.* § 1441(c), will be remanded to the state court for want of jurisdiction, *see Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972). The Court lacks jurisdiction to rule on Respondent's motion to dismiss.

IT IS THEREFORE ORDERED that Petitioner's Petition For Writ Of Habeas Corpus is REMANDED to the New Mexico Thirteenth Judicial District Court, County of Cibola, for want of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE